**Debtor**        **540 Willoughby Avenue LLC**

United  States Bankruptcy Court  for  the:          District  of

EASTERN DISTRICT OF NEW YORK

Case number:  24-41605-ess____

❑   Check if this is an amended filing

Official Form 425A

# Plan of Reorganization for Small Business Under Chapter 11          02/20

[540 WILLOUGHBY AVENUE  LLC     ]'s **Plan of Reorganization, Dated [** JULY 16 2024**]**

### A. Description and History of the Debtor's Business
The Debtor is a LIMITED LIABILITY COMPANY. Since 2018, the Debtor has been in the business of OWNING AND MANAGING PREMISES KNOWN AS 7218 AVENUE M, BROOKLYN, NY.

### B. Liquidation Analysis
To confirm the Plan, the Court must find that all creditors and equity interest holders who do not accept the Plan will receive at least as much under the Plan as such claim and equity interest holders would receive in a chapter 7 liquidation. A liquidation analysis is attached to the Plan as **Exhibit A**.

### C. Ability to make future plan payments and operate without further reorganization
The Plan Proponent must also show that it will have enough cash over the life of the Plan to make the required

Plan payments and operate the debtor's business.

The Plan Proponent has provided projected financial information (feasibility analysis) as **Exhibit B**..

The feasibility analysis shows that  the current rent roll of $6,000 is only $762 less than would be

required to service a new $900,000 mortgage, pay current real estate taxes, insurance,

cleaning/maintenance and gas. A slight rental increase after the December 2024 lease expiration date

will provide the necessary difference.

The general bar date of July 22,2024 is only a few days away. To date three claims have been filed:

1)   Real estate tax charges based upon the income/expense form: $4,802

2)   NYC Water Board $23,180

3)   IRS (estimated) $25,080. This is stated to be an estimated claim. Prior to confirmation, the Debtor

will provide information to the IRS which is expected to establish that no money is owed to the IRS.

4)   The governmental Bar Date is October 21, 2024. NYC has not filed a secured claim for Real Estate

Taxes, as of the date of filing, the NYC Department of Finance shows $41,763 in unpaid Real Estate

Taxes, which should have been paid by the Mortgage Holder. It is unclear if the Lender actually paid

these taxes. If not the Principal of the Debtor will either make a lump sum payment upon confirmation to pay these taxes or will provide sufficient additional income to the Debtor to fund payment over five years at 18% of such arrears..

The final Plan payment is expected to be paid five years from the Effective Date of the Plan.

This is a two-family house, presently occupied to paying tenants. The Debtor has identified an investor willing to pay the sum of $900,000 to purchase the existing note and mortgage, which has agreed to modify the terms of the mortgage to enable the Debtor to make current payments based upon its projected cash flow.

**You should consult with your accountant or other financial advisor if you have any questions pertaining to these projections.**

5440

Debtor Name  5 4 0   W i l l o u g h b y   A v e   L L C          Case number_____

---

### Article 1: Summary

This Plan of Reorganization (the *Plan*) under chapter 11 of the Bankruptcy Code (the *Code*) proposes to pay creditors of [540 Willoughby Avenue, LLC (the *Debtor*) from [Specify sources of payment, such as an infusion of capital, loan proceeds, sale of assets, cash flow from operations, or future income].

This Plan provides for:

| | | |
|---|---|---|
| 0 | classes of priority claims; |
| 3 | classes of secured claims; |
| 1 | class of non-priority unsecured clams; and |
| 1 | class of equity security holders. |

Non-priority unsecured creditors holding allowed claims will receive distributions, which the proponent of this Plan believes will be nominal. This Plan also provides for the payment of administrative and priority claims. All creditors and equity security holders should refer to Articles 3 through 6 of this Plan for information regarding the precise treatment of their claim.. **Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)**

---

### Article 2: Classification of Claims and Interests

2.01 **Class 1**                          The secured claim of NYC Department of Finance for Real Estate Tax

---

2.02 **Class 2**                          The secured claim of NYC Water Board

---

2.02 **Class 3**................................ The secured claim of Shellpoint Mortgage Servicing

---

2.03 **Class 4**.................................. All non-priority unsecured claims allowed under § 502 of the Code.

---

2.04 **Class 5**.................................. Equity interests of the Debtor.

---

### Article 3: Treatment of Administrative Expense Claims, Priority Tax Claims, and Quarterly and Court Fees

3.01 **Unclassified claims**          Under section § 1123(a)(1), administrative expense claims, and priority tax claims are not in classes.

---

5440
Debtor Name  5 4 0   W i l l o u g h b y   A v e   L L C                        Case number _____

| 3.02 | **Administrative expense claims** | Each holder of an administrative expense claim allowed under § 503 of the Code, will be paid in full on the effective date of this Plan, in cash, or upon such other terms as may be agreed upon by the holder of the claim and the Debtor. |

5440

| Debtor Name  5 4 0  W i l l o u g h b y  A v e  L L C | | Case number |

---

| | | Code]. |
| | | [Note: the second provision is appropriate only in a subchapter V plan that is confirmed non-consensually under section 1191(b).] |
| 3.03 | **Priority tax claims** | N/A |
| 3.04 | **Statutory fees** | N/A in Subchapter V |
| 3.05 | **Prospective quarterly fees** | N/A in Subchapter V |

### Article 4: Treatment of Claims and Interests Under the Plan

4.01 **Claims and interests shall be treated as follows under this Plan:**

| Class | Impairment | Treatment |
|---|---|---|
| **Class 1** – **Secured claim of NYC Department of Finance** | Unimpaired | To be paid in full in monthly installments at 18% Interest |
| **Class 2** – **Secured claim** of NYC Water Board *creditor*.] | Unimpaired | To be paid in full in monthly installments at 8% Interest |
| **Class 3** Secured claim of Shellpoint Mortgage Servicing | Impaired | Debtor shall move to value the collateral pursuant to section 506 and pay the creditor the value of the collateral on confirmation. The unsecured portion shall be paid a pro-rata share of the debtors disposable income under Class 4 |
| **Class 4** – **Non-priority unsecured creditors** | ❏ Impaired | Creditors shall be paid a pro-rata share of the debtors disposable income on a monthly basis for five years |
| **Class 5 - Equity security holders of the Debtor** | ❏ Unimpaired | The equity holder shall retain his interest in exchange for paying the debtor's disposable income to members of Class 4 on a monthly basis for five years. |

### Article 5: Allowance and Disallowance of Claims

| 5.01 | **Disputed claim** | A *disputed claim* is a claim that has not been allowed or disallowed [by a final non-appealable order], and as to which either:<br><br>(i)  a proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or<br><br>(ii)  no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated. |
| 5.02 | **Delay of distribution on a disputed claim** | No distribution will be made on account of a disputed claim unless such claim is allowed [by a final non-appealable order]. |
| 5.03 | **Settlement of disputed claims** | The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure. |

### Article 6: Provisions for Executory Contracts and Unexpired Leases

5440
Debtor Name  5 4 0   W i l l o u g h b y   A v e   L L C                    Case number_____

| 6.01 | **Assumed executory contracts and unexpired leases** | (a) The Debtor assumes, and if applicable assigns, the following executory contracts and unexpired leases as of the effective date:<br><br>All Leases on Schedule G |
|---|---|---|

### Article 7: Means for Implementation of the Plan

The Debtor has identified an investor to purchase the Note and Mortgage being serviced by Shellpoint Mortgage Servicing for $900,000, if the Holder is willing to sell both. Otherwise the investor will fund a payment of $850,000 to pay the secured claim of Shellpoint under this Plan.

Under this Plan, the Debtor will increase the rent and/or obtain capital contributions form the Equity Holder to fund the monthly shortfall to make Plan payments.

### Article 8: General Provisions

| 8.01 | **Definitions and rules of construction** | The definitions and rules of construction set forth in §§ 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan, and they are supplemented by the following definitions:<br><br>[Insert additional definitions if necessary]. |
|---|---|---|
| 8.02 | **Effective date** | The effective date of this Plan is the first business day following the date that is 14 days after the entry of the confirmation order. If, however, a stay of the confirmation order is in effect on that date, the effective date will be the first business day after the date on which the stay expires or is otherwise terminated. |
| 8.03 | **Severability** | If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan. |
| 8.04 | **Binding effect** | The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity. |
| 8.05 | **Captions** | The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan. |
| [8.06 | **Controlling effect** | Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of New York  govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.] |
| [8.07 | **Corporate governance** | N/A |

Debtor Name      540 Willoughby Avenue, LLC _____

Case number  24-41605-esser_____ page **7**

[8.08  **Retention of Jurisdiction**      The Bankruptcy Court may retain jurisdiction of matters related to the Plan.

### Article 9: Discharge

Section 1141(d)(3) is not operable because the Debtor has filed this case under Subchapter V, the company does not provide for liquidation, the Debtor will continue in business, and the debtor would receive a discharge if this case had been filed under chapter 7. Accordingly, the Debtor shall receive a discharge of all debts provided for under Section 1141(d)(1)(A) upon completion of all payments due withing the first 3 years of the Plan.

Debtor Name _____          Case number_____

If the Debtor's Plan is confirmed under § 1191(a), on the effective date of the Plan, the Debtor will be discharged from any debt that arose before confirmation of this Plan, to the extent specified in § 1141(d)(1)(A) of the Code. The Debtor will not be discharged from any debt imposed by this Plan.

If the Debtor's Plan is confirmed under § 1191(b), confirmation of the Plan does not discharge any debt provided for in this Plan until the court grants a discharge on completion of all payments due under this Plan, or as otherwise provided in § 1192 of the Code. The Debtor will not be discharged from any debt:

> (i) on which the last payment is due after completion of the plan, or as otherwise provided in § 1192; or
>
> (ii) excepted from discharge under § 523(a) of the Code, except as provided in Rule 4007(c) of the Federal Rules of Bankruptcy Procedure.

**Article 10: Other Provisions**

[Insert other provisions, as applicable.]

Respectfully submitted,

Debtor Name _____    Case number_____

540 Willoughby Avenue, LLC

_____
By: Rahim Siunykalimi, Managing Member
Plan

_____    */s/paul hollender*

Paul Hollender
Corash & Hollender, P.C.
Attorneys for Debtor and Plan Proponent

EXHIBIT A

| Liquidation Analysis 540 Willoughby Avenue, LLC | | | |
|---|---|---|---|
| | | | |
| 7218 Avenue M | | $850,000 | |
| Bank of NY Mellon | $1,242,983 | | |
| RE Taxes | $41,763 | | |
| RE taxes RPIE | $4,802 | | Claim 1 |
| NYC Water Board | $23,180 | | Claim 2 |
| | | $1,312,728 | |
| Net Worth | | -$462,728 | |

EXHIBIT B

| **Plan Feasibility Analysis       540 Willoughby Avenue, LLC** | | | | |
|---|---|---|---|---|
| | Claim # | Total | Monthly | |
| Current Rent Roll | | | | $6,000 |
| $900,000 new mortgage with investor. 5% 30 year amortization | | | $4,832 | |
| RE Tax | | | $947 | |
| Insurance | | | $283 | |
| Cleaning and Maintenance | | | $200 | |
| Gas | | | $500 | |
| Monthly Expenses | | | | $6,762 |
| Net Cash flow to fund Plan | | | | -$762 |
| Creditors to be paid under Plan | | | | |
| Real Estate tax RPIE | 1 | $4,802 | | |
| NYC Water Board | 2 | $23,180 | | |
| IRS | 3 | $25,080 | | |
| Real Estate tax arrears | unfiled | $41,763 | | |